**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

AQUARIUS LEDBETTER                                                                                    PLAINTIFF

v.                                            NO.  4:01CV00536 SWW/JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                DEFENDANT

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff has filed a motion to show cause (docket entry #20).

On June 18, 2002, the Court entered an Order granting Defendant's motion to remand this case pursuant to sentence four of 42 U.S.C. § 405(g) (docket entry #14). According to Plaintiff's motion, her attorney wrote to the Appeals Council in June and December of 2005 urging action on remand, but still there has been none.  Plaintiff asks that Defendant be compelled to show cause why she should not be held in contempt for failure to comply with the Court's Order.

A district court's entry of judgment after a sentence four remand terminates the court's jurisdiction over a claimant's case.  Smith v. Halter, 246 F.3d 1120, 1122 (8th Cir. 2001); see Shalala v. Schaefer, 509 U.S. 292, 299 (1993)(sentence four remand terminates civil action seeking review of Secretary's final decision).

In addition, assuming that the Court still had jurisdiction, the Court's Order of June 18, 2002, did not order the Defendant to do anything.  It merely granted Defendant's motion to remand (see docket entry #14).  Civil contempt is available only where a court order exists and can be enforced.  Russell v. Sullivan, 887 F.2d 170, 171 (8th Cir. 1989), citing Finney v. Arkansas Bd. Of Corrections, 505 F.2d 194, 213 (8th Cir. 1974).

While the Court lacks jurisdiction over Plaintiff's claim, the Court does expect the parties to use their best efforts to resolve the claim expeditiously.  Defendant's response to Plaintiff's motion (docket entry #25) seems to indicate that is being done.

Therefore, the Magistrate Judge recommends that Plaintiff's motion to show cause (docket entry #20) be denied.

DATED this 18th day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE